# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40345
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 19, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL JAMES COMPTON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-1118-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Daniel James Compton was convicted following a jury trial of one count of transportation of an undocumented alien. He was sentenced to a prison term of 37 months. He appeals his conviction.

Compton argues that the evidence produced at trial was insufficient to support his transportation conviction. Insufficiency of the evidence claims are reviewed de novo, and this court gives substantial deference to the jury verdict.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40345

*United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013). Viewing the evidence in the light most favorable to the Government, this court asks only whether a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Id.*

Compton argues that the evidence was insufficient to show that he had knowledge of the undocumented alien's presence in his vehicle's trunk, or he recklessly disregarded her presence. However, circumstantial evidence, viewed in the light most favorable to the Government, supports a rational inference that Compton knew that he was transporting an undocumented alien. *See United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002). Compton had sole control over the vehicle in which the alien was found, he displayed evasive and nervous behavior at the checkpoint, he volunteered suspicious information without being asked, and he gave implausible explanations. *See United States v. Richardson*, 848 F.2d 509, 512-14 (5th Cir. 1988); *see also United States v. Gutierrez-Farias*, 294 F.3d 657, 660 (5th Cir. 2002). Additionally, the alien paid thousands of dollars to be smuggled into the United States, a portion of which was due upon successful arrival, and it is not unreasonable to infer that her transport would not be entrusted to an unknowing party. *See Del Aguila-Reyes*, 722 F.2d 155, 157 (5th Cir. 1983). Thus, from this evidence, a rational jury could have found the knowledge element of the transportation offenses beyond a reasonable doubt. *See Nolasco-Rosas*, 286 F.3d at 765. The judgment of the district court is AFFIRMED.